UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TYRONE LEWIS PERRY**                                                    **CIVIL ACTION**

**VERSUS**                                                                         **No. 16-17653**

**VICENTE PAZ ET AL.**                                                     **SECTION I**

## ORDER AND REASONS

Tyrone Perry filed this lawsuit because he believes the defendants used excessive force in the course of arresting him on June 1, 2016. He sued the Gretna City police department and the individual officers who arrested him. After holding a hearing, the U.S. Magistrate Judge issued a report and recommendation on March 3, 2017, recommending that Perry's claims against the Gretna City police department be dismissed with prejudice because a police department is not a proper defendant in an action brought pursuant to 42 U.S.C. § 1983. The Magistrate Judge also recommended that Perry's remaining claims against the individual officers be stayed and administratively closed pending the adjudication of Perry's state court criminal proceedings.

Objections to the report and recommendation were due March 17, 2017. As of this date, no objections have been filed. Accordingly, the Court adopts the reasoning set forth in the report and recommendation as its own, and dismisses the claims against the Gretna City police department with prejudice. The Court stays and administratively closes the case with respect to the remaining claims until Perry's state court criminal charges have been fully adjudicated.

There is one additional issue the Court must address.  Although Perry did not file an objection to the report and recommendation, he has filed a motion[1] for leave to amend his complaint.  Perry seeks to amend his complaint for two reasons, each of which the Court addresses in turn.

## I.

Perry first attempts to add claims against new defendants arising out of the incident which occurred on June 1, 2016.  Perry requests leave to add police officers Brian Rico and Kolby Arabie as defendants, as well as Dale's Towing Co.—the company which allegedly towed Perry's car after he was arrested.  The Court will allow Perry to amend his complaint to include claims against these parties.

Nevertheless, the Court's conclusion that the claims against the Gretna police officers named in the original complaint should be stayed also holds true for the claims against the Gretna police officers named in the amended complaint.  As such, the addition of officers Rico and Arabie to this action does not change the Court's decision to stay and administratively close the case.

With respect to Perry's claim against Dale's Towing Co., however, the Court concludes that a dismissal is warranted.  For a private citizen to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors.  *Able Sec. & Patrol, LLC. v. Louisiana*, 569 F. Supp. 2d 617, 630 (E.D. La. 2008) (citing *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989)).  The plaintiff must allege: (1) an agreement between the private and public defendants to

---

[1] R. Doc. No. 14.

commit an illegal act and (2) a deprivation of constitutional rights. *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). Because Perry does not allege that Dale's Towing conspired with the police to deprive him of his constitutional rights, Perry's claims against Dale's Towing must be dismissed with prejudice.

## II.

Perry next attempts to assert claims against the Gretna City police department and unknown police officers relating to an alleged unlawful search of a residence which purportedly occurred on December 21, 2016. The original complaint made no mention of such a search. Because there is no indication that the December 21, 2016 search is in any way related to the June 1, 2016 arrest, any claims Perry may have as a result of the search must be asserted in a separate lawsuit. As such, the Court denies the motion for leave to amend with respect to those claims.

## III.

For the foregoing reasons,

**IT IS ORDERED** that Perry's motion to amend is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted with respect to the claims asserted against Brian Rico, Kolby Arabie, and Dale's Towing Co. The motion is denied in all other respects.

**IT IS FURTHER ORDERED** that the report and recommendation[2] of the Magistrate Judge is hereby **ADOPTED** as the opinion of this Court.

---

[2] R. Doc. No. 13.

**IT IS FURTHER ORDERED** that the claims against the Gretna City police department and Dale's Towing Co. are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all of plaintiff's remaining claims are **STAYED AND ADMINISTRATIVELY CLOSED** pending a final adjudication of Perry's state court proceedings. Any party may move to re-open the case within thirty days of a final adjudication in state court.

New Orleans, Louisiana, March 20, 2017.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**